# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Sean Doucett,

     Plaintiff(s),

v.

Las Vegas Metropolitan Police Department,

     Defendant(s).

Case No. 2:26-cv-00526-RFB-NJK

**Order**

[Docket No. 18]

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 18.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The instant request is lacking in several respects. First, the stipulation states erroneously that a 60-day extension is requested, Docket No. 18 at 1, when the parties actually seek a 90-day extension, *see id.* at 3.

Second, the stipulation lacks a signature block for judicial approval. *See* Local Rule IA 6-2.

Third, the stipulation identifies some discovery efforts, but does not provide sufficient detail as to those efforts, including the dates on which written discovery was propounded. *See* Docket No. 18 at 1; *but see* Local Rule 26-3(a) (requiring specifics as to discovery conducted).

Fourth, the stipulation was filed on the deadline to add parties, and no explanation is provided as to why the request was not made earlier. *See* Local Rule 26-3 (requiring generally

that extensions of case management deadlines to be sought at least 21 days before the subject deadline).

Fifth, the stipulation relies in part on the fact that new defense counsel substituted into the case and needs time to get up to speed.  Docket No. 18 at 2.  If that was the case, relief from case management deadlines had to be sought concurrently with the substitution.  Local Rule IA 11-6(c)-(e).

Sixth, the stipulation relies on the fact that Plaintiff has not yet discerned the identities of defendants.  Docket No. 18 at 2.  The Rule 26(f) conference took place on March 17, 2026, Docket No. 12 at 1, at which time there was no impediment to conducting discovery, *see* Fed. R. Civ. P. 26(d)(1).  Although the stipulation references delays in Plaintiff obtaining information sufficient to identify the doe defendants, *see* Docket No. 18 at 3, sufficient explanation has not been provided as to diligent efforts to obtain that information.[1]  The Court is mindful of the representations that there may be a lurking discovery dispute that is being addressed in conferral efforts, *see id.* at 2, but that circumstance does not warrant a 90-day extension.

Seventh, the stipulation relies largely on the needs of later appearing defendants once they are added to the case and served.  Docket No. 18 at 2.  At this juncture, neither of those events have actually happened, and the Court will not extend case management deadlines by a lengthy 90 days based on speculation.

Hence, the stipulation does not comply with the local rules and does not show good cause for a 90-day extension of case management deadlines.  As a one-time courtesy to the parties, the Court will provide a 14-day extension.  Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.  Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  June 16, 2026
- Initial experts:  July 16, 2026
- Rebuttal experts:  August 17, 2026
- Discovery cutoff:  September 14, 2026

---

[1] Plaintiff anticipates learning this information in the responses to his written discovery, Docket No. 18 at 2, but Plaintiff does not explain why that discovery was not served sufficiently in advance of the subject deadline so that it could be met without extension.

- Dispositive motions:  October 14, 2026

- Joint proposed pretrial order:  November 13, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated:  June 2, 2026

_____
Nancy J. Koppe
United States Magistrate Judge