**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sean Doucett,<br><br>        Plaintiff(s),<br><br>v.<br><br>Las Vegas Metropolitan Police Department,<br>et al.<br><br>        Defendant(s). | Case No. 2:26-cv-00526-RFB-NJK<br><br>**Order**<br><br>[Docket No. 24] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 24.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The instant request turns on the fact that doe defendants have now been identified and named in an amended complaint.[1]  The docket more recently reflects acceptance of service and represents that the newly named defendants will respond to the complaint by July 22, 2026.  Docket No. 27.  Although there remain some gaps in the information provided,[2] the Court finds the

---

[1] The stipulation also references that defense counsel substituted into the case, but the Court has already explained that such reasoning is lacking.  Docket No. 19 at 2.

[2] The stipulation does not sufficiently identify the information from these newly named defendants that is required for expert reports.  For example, the stipulation indicates that "documents related to their training and employment as Officers will be disclosed," Docket No. 24 at 2, but fails to explain why those documents could not be provided by LVMPD itself. Moreover, the stipulation does not explain with particularity why a lengthy 90-day extension is required, especially given that newly appearing defendants can piggyback on prior discovery efforts, *see, e.g.*, Local Rule 26-5, and these newly appearing defendants are represented by the same counsel already participating in discovery on behalf of LVPMD, *cf. Gilbert v. Zurich Life Ins. Co. of Am.*, 2006 WL 8442041, at *5 (D. Nev. Jan. 4, 2006) (in denying leave for additional deposition to newly appearing defendant, explaining that assertion that this defendant did not have an opportunity to depose the plaintiff earlier was "technically correct," but was also "clearly without substantive reality" given overlap in attorneys and relatedness of the parties).

1

circumstances provide good cause to justify a 60-day extension of the unexpired case management deadlines.

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.  Case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  September 14, 2026
- Rebuttal experts:  October 14, 2026
- Discovery cutoff:  November 13, 2026
- Dispositive motions:  December 14, 2026
- Joint proposed pretrial order:   January 13, 2027, or 30 days after resolution of dispositive motions

The Court is not inclined to extend these deadlines further.

IT IS SO ORDERED.

Dated:  July 1, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2